IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

BONNIE PLANTS, INC., ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv549-MHT 
 ) (WO) 
GREEN EARTH MEDIA GROUP, ) 
LLC, a Pennsylvania ) 
Limited Liability Company, ) 
and JOAN CASANOVA, an ) 
Individual, ) 
 ) 
 Defendants. ) 

 TEMPORARY RESTRAINING ORDER 
 The case is before the court on plaintiff Bonnie 
Plants, Inc.'s motion for a temporary restraining 
order. For the reasons below, the motion will be 
granted. 
 In its motion for temporary restraining order, 
plaintiff Bonnie Plants, Inc. (“Bonnie”) provides 
declarations attesting to the following facts. Bonnie 
and defendants Green Earth Media Group, LLC ("GEM") and 
Joan Casanova ("Casanova" and, together with GEM, 
"Defendants") were parties to a business relationship 
whereby defendants received and were privy to 
confidential, sensitive business information relating 

to Bonnie's business operations, customers, employees, 
and products (the "Confidential Information"). The 
Confidential Information belongs exclusively to Bonnie, 
and defendants agreed to maintain the Confidential 

Information in confidence, and to use it only in 
connection with providing public relations and customer 
service-related services to Bonnie. The parties' 
relationship has ended, Bonnie has demanded return of 

its Confidential Information, as well as a promise not 
to use or disclose such information, and the defendants 
have failed and refused to return the Confidential 

Information or to make such a promise. Instead, the 
defendants have expressed their intention to provide 
and/or release Bonnie's Confidential Information to the 
press and/or the public unless Bonnie pays defendants 

millions of dollars by August 4, 2020. 
 "A district court may grant injunctive relief only 
if the moving party shows that: (1) it has a 
substantial likelihood of success on the merits; (2) 
irreparable injury will be suffered unless the 

injunction issues; (3) the threatened injury to the 
movant outweighs whatever damage the proposed 
injunction may cause the opposing party; and (4) if 
issued, the injunction would not be adverse to the 

public interest.” Siegel v. LePore, 234 F.3d 1163, 
1176 (11th Cir. 2000) (citing McDonald's Corp. v. 
Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing 
All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., 

Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). 
 The court finds that a temporary restraining order 
should be granted. Bonnie has demonstrated a 

substantial likelihood of success on the merits of its 
claims against defendants. Bonnie is being subjected to 
an immediate threat of disclosure of its Confidential 
Information. If defendants follow through on their 

threat, Bonnie will be irreparably harmed due to the 
nature of the Confidential Information at issue. The 
balance of harms weighs in favor of Bonnie because the 
defendants will lose nothing by the entry of this 
temporary injunction. The public interest will not be 

adversely affected by the issuance of the requested 
temporary restraining order. The court further finds 
that this temporary restraining order should be issued 
now, before hearing from the defendants, because 

specific facts in the affidavits “clearly show that 
immediate and irreparable injury, loss, or damage will 
result to the movant before the adverse party can be 
heard in opposition.” Fed. R. Civ. P. 65(b)(1)(A). 

Finally, the plaintiff's attorney has met the 
requirements of Federal Rule of Civil Procedure 
65(b)(1)(B). 

 *** 
 Accordingly, it is ORDERED as follows: 
 (1) Plaintiff Bonnie Plants, Inc.’s motion for a 

temporary restraining order (doc. no. 2) is granted. 
 (2) The defendants are hereby RESTRAINED and 
ENJOINED from directly or indirectly using, disclosing, 
disseminating, releasing, or in any way making public 
information, documents, and/or knowledge received by 

the defendants from or regarding plaintiff Bonnie 
Plants, Inc. or its business operations, employees, or 
products during the course of the parties' business 
relationship. This temporary restraining order applies 

to GEM, Casanova, GEM's officers, agents, servants, 
employees, and attorneys, and all persons in active 
concert or participation with any of the foregoing. 
 (3) Plaintiff Bonnie Plants, Inc. is not required 

to post a bond because this temporary restraining order 
will not result in any financial harm to the 
defendants. 

 (4) This temporary restraining order will expire at 
4:15 p.m. Central Time on August 14, 2020. 
 (5) The court will revisit the issue of a bond at 
the hearing on plaintiff Bonnie Plants, Inc.’s request 

for a preliminary injunction. 
 (6) A hearing on the motion for preliminary 
injunction (doc. no. 2) is set for August 10, 2020, at 
10:00 a.m, via videoconference. The courtroom deputy 
shall arrange for the videoconference. 

 DONE, this the 31st of July, 2020, at 4:15 p.m. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE